**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MELVIN W. FAGAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-0777 TS |
| | ) | |
| DAVE REYNOLDS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Melvin W. Fagan, Jr., a *pro se* prisoner, submitted a complaint without payment of the filing fee, and seeks leave to proceed *in forma pauperis*. A prisoner may not bring a civil action *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Northern District of Indiana confirm that the disposition of six cases filed by Mr. Fagan qualify as "strikes" within the meaning of §1915(g):

    (1) 3:95-cv-343 RM, *in forma pauperis* status denied, and dismissed as frivolous on May 17, 1995;
    (2) 3:95-cv-344 AS, motion to dismiss as frivolous granted and dismissed July 28, 1995;
    (3) 3:95-v-345 RM, motion to dismiss as frivolous granted and dismissed September 15, 1995;
    (4) 3:95-cv-399 RM, *in forma pauperis* status denied, and dismissed as frivolous on July 18, 1995.
    (5) 3:95-cv-457 AS, *in forma pauperis* denied and dismissed as legally frivolous, July 28, 1995; and
    (6) 3:95-cv-487 AS, motion to dismiss as frivolous granted and dismissed September 15,

1995.

Additionally, the records of the United States District Court for the Southern District of Indiana confirm that the disposition of a case filed by Mr. Fagan there qualifies as a "strike" within the meaning of §1915(g):

(7) IP92-C-1168 -D/G, *in forma pauperis* status denied, dismissed as frivolous on August 31, 1992.

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Fagan alleges that he is confined at the Porter County Jail where he has been denied "visitation rights," has been restricted from using the telephone, placed in administrative segregation and only allowed out of his cell one hour a day, denied access to GED classes, denied the opportunity to attend corporate religious services, denied access to federal law books. None of these allegations suggest that Mr. Fagan is in imminent danger of serious physical injury.

Because the facts alleged in his complaint do not support the conclusion that Mr. Fagan is in imminent danger of serious physical injury, 28 U.S.C. § 1915(g) mandates that this complaint may not proceed without prepayment of the filing fee. Accordingly, the court will deny Mr. Fagan leave to proceed *in forma pauperis*. Mr. Fagan may still may proceed with this case, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court:

(1) DENIES the plaintiff's motion for leave to proceed *in forma pauperis* (DE. 2);

(2) AFFORDS the plaintiff to and including January 8, 2007, within which to pay the $350.00 filing fee; and

(3) ADVISES him that if he does not pay the filing fee by that date, this case will be dismissed without further notice without affecting his obligation to pay the filing fee.

SO ORDERED on December 11, 2006.

/s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION